STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
CHRISTOPHER F. JEU (CABN 247865)
Assistant United States Attorney

150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5082
FAX: (408) 535-5066
Christopher.Jeu@usdoj.gov

Attorneys for Defendant
Federal Bureau of Prisons

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KEITH H. ("MALIK") WASHINGTON, an individual; and SAN FRANCISCO BAY VIEW NATIONAL BLACK NEWSPAPER, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS, *et al.*,<br><br>Defendants, | Case No. 4:21-cv-00787-JST<br><br>**JOINT MOTION TO STAY AND PROPOSED ORDER** |

Plaintiffs Keith H. Washington ("Mr. Washington") and San Francisco Bay View National Black Newspaper ("San Francisco Bay View"), and Defendants Federal Bureau of Prisons ("BOP"), the Geo Group, Monica Hook, Maria Richard, Will Gomez and Murtala Lanval, jointly and respectfully move for a stay of further proceedings in this Court, pending the BOP's release of Mr. Washington from home confinement.[1]  Since the Court's March 10, 2021 hearing, the BOP transferred Mr. Washington

---

[1] The Parties apologize for failing to file a Case Management and provide a list of attendees before the scheduled Case Management Conference.  The undersigned counsel for the BOP made a calendaring error, so the deadlines relating to the Case Management Conference were not calendared.  In

JOINT MOT. TO STAY AND PROPOSED ORDER
4:21-CV-00787-JST

from the Taylor Street Residential Reentry Center ("Taylor Street") to home confinement. The parties estimate that Mr. Washington will be released from home confinement by June 13, 2021. Moreover, the parties believe that Mr. Washington's release from home confinement will moot this litigation.

As good cause for this Motion, the Parties state as follows:

1. "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).) The district court has the corresponding, "inherent" power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254.

2. When considering a motion to stay, the court weighs "the competing interests" that "will be affected by the granting or refusal to grant a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). In general, the court weighs three factors: (1) the "possible damage" of a stay to the non-moving party, (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice." *CMAX*, 300 F.2d at 268; *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110-12 (9th Cir. 2005) (applying *Landis* factors).

3. On February 1, 2021, Plaintiffs filed the original Complaint and Motion for a Temporary Restraining Order and Preliminary Injunction in this action. *See* ECF No. 1 and 7.

4. On February 5, 2021, Plaintiffs filed an Amended Complaint and Supplemental Motion for a Temporary Restraining Order and Preliminary Injunction. *See* ECF Nos. 26 and 27.

5. On March 11, 2021, the Court denied Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction. ECF No. 63.

---

addition, in late April 2021 and early May 2021, undersigned counsel for the BOP was working extensively on an Answering Brief in a Ninth Circuit case. On May 4, 2021, the undersigned counsel filed the Answering Brief. Due to the calendaring error and the competing deadline, the undersigned defense counsel missed this Court's deadlines relating to the Case Management Conference. The Parties and undersigned counsel apologize to the Court.

JOINT MOT. TO STAY AND PROPOSED ORDER
4:21-CV-00787-JST

6. Since the issuance of the Court's March 11, 2021 Order, Taylor Street expunged the Incident Report dated February 4, 2021. *See* ECF No. 26 at ¶¶ 73-74, Ex. D.  In addition, Mr. Washington has not been the subject of additional discipline.

7. Moreover, on or about April 15, 2021, the BOP transferred Mr. Washington from Taylor Street to home confinement.

8. The Parties estimate that Mr. Washington will be released from home confinement by June 13, 2021.

9. The Parties believe that this litigation will be moot, upon Mr. Washington's release from home confinement.

10. Under the *Landis* factors, a stay would promote judicial economy and conserve the resources of the parties.

11. As for the "possible damage" to the non-moving party, no party would be prejudiced through a stay.  Plaintiffs and Defendants jointly seek a stay.  The Parties believe that the Court's order has resolved the principal issues in the case.  At this stage, the Parties do not seek further resolution of the issues in the case.

12. As for "hardship or inequity" of going forward, proceeding with this case would lead to the unnecessary use of judicial and party resources.  Without a stay, the BOP anticipates that it would file a motion to dismiss, which would require additional briefing and consideration by the Court.

13. Third, the "orderly course of justice" favors a stay.  The Parties expect this case to be moot upon Mr. Washington's release in several weeks.  Upon Mr. Washington's release, the Parties could file a joint status report.  Based on the joint status report, the Court could determine next steps, including whether to dismiss the case as moot.

14. For the foregoing reasons, the Parties respectfully request that the Court stay the litigation pending Mr. Washington's release from custody.

Respectfully submitted,

DATED: May 10, 2021                                          STEPHANIE M. HINDS

JOINT MOT. TO STAY AND PROPOSED ORDER
4:21-CV-00787-JST

3

| | |
|---|---|
| 1 | Acting United States Attorney |
| 2 | */s/ Christopher F. Jeu* |
| 3 | Christopher F. Jeu<br>Assistant United States Attorney |
| 4 | Attorneys for Defendant<br>Federal Bureau of Prisons |
| 5 | LAW OFFICES OF RICHARD TAN |
| 6 | |
| 7 | */s/ Richard Tan*<br>Richard Tan |
| 8 | Attorney for Plaintiffs |
| 9 | KEITH H. WASHINGTON and SAN FRANCISCO BAY VIEW NATIONAL BLACK NEWSPAPER |
| 10 | |
| 11 | */s/ Cheryl Wilke*<br>Cheryl Wilke |
| 12 | LEWIS BRISBOIS |
| 13 | Attorney for Defendants<br>The Geo Group and Monica Hook |
| 14 | |
| 15 | */s/ Lisa K. Hansen*<br>Lisa Kralik Hansen, Esq. |
| 16 | Cochran, Davis & Associates, P.C. |
| 17 | Attorney for Defendants<br>Maria Richard, Will Gomez and Murtala Lanval |

28  JOINT MOT. TO STAY AND PROPOSED ORDER
4:21-CV-00787-JST